## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAPANESE AMERICAN CITIZENS LEAGUE, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> ELON MUSK, *in his official capacity*, et al., <br><br> *Defendants*. | Case No. 1:25-cv-00643-TSC |

## JOINT STATUS REPORT

**Plaintiffs' Position**

Plaintiffs support consolidation of this action with *New Mexico et al. v. Musk et al.*, No. 25-cv-429, at minimum for purposes of "hearing . . . any or all matters at issue in the actions" under Fed. R. Civ. P. 42(a)(1). Plaintiffs further support subsequent consolidation pursuant to Fed. R. Civ. P. 42 so long as Plaintiffs' case proceeds in a preliminary injunction posture and is not consolidated with the trial on the merits pursuant to Fed. R. Civ. P. 65(a)(2). However, Plaintiffs would oppose consolidation of preliminary injunction and merits proceedings in this action pursuant to Fed. R. Civ. P. 65(a)(2): such consolidation risks prejudicing Plaintiffs and disserving judicial economy, given the likely persistence of factual disputes following Plaintiffs' proposed limited and targeted discovery.

### I.    Plaintiffs Support Consolidation for Purposes of the Preliminary Injunction Hearing

Plaintiffs believe that consolidating this action with *New Mexico* for purposes of any hearing regarding Plaintiffs' and *New Mexico* State Plaintiffs' motion for preliminary injunction will further the purposes of consolidation by lessening "the risk of inconsistent rulings on common

1

factual and legal questions" and furthering "convenience and economy." *Avila v. Nat'l Labor Rels. Bd.*, 2024 WL 4650905, at *2 (D.D.C. Nov. 1, 2024). As Plaintiffs explained in their Notice of Related Case, Dkt. 2, both this case and *New Mexico* challenge Defendants Elon Musk and the U.S. DOGE Service's (DOGE) attempts to exercise sweeping control over broad swaths of the federal government. Overlapping legal claims include whether Mr. Musk and DOGE's actions are ultra vires and violate the Appointments Clause and, although not a separate claim in *New Mexico*, the separation of powers. *Compare* Doc. 1 (Compl.) ¶¶ 322-338 *with New Mexico*, Doc. 1 (*New Mexico* Compl.) ¶¶ 2, 4, 30, 253-272. Overlapping factual issues include issues of the nature and extent of Mr. Musk and DOGE's control over federal spending, contracts, staffing, and structure. *Compare, e.g.*, Compl. ¶¶ 132-271 *with New Mexico* Compl. ¶¶ 77-225.

In determining whether to consolidate related cases, "courts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Campuzano v. United States*, 2024 WL 5331861 at *2 (D.D.C. Oct. 31, 2024) (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). Here, because the two cases share central legal and factual issues regarding the nature and scope of Mr. Musk and DOGE's role, a shared hearing as to Plaintiffs' and *New Mexico* Plaintiffs' motion for preliminary injunction will further judicial economy without meaningful risk of confusion or prejudice.

## II. Plaintiffs Oppose Consolidation That Leads to Advancement of Plaintiffs' Case on the Merits Pursuant to Fed. R. Civ. P. 65(a)(2)

Plaintiffs oppose consolidation, however, to the extent that such consolidation would lead to the advancement of Plaintiffs' case on the merits pursuant to Fed. R. Civ. P. 65(a)(2). Plaintiffs are concerned that such advancement on the merits will not facilitate judicial economy and risks prejudicing Plaintiffs in light of what Plaintiffs anticipate to be highly contested factual matters regarding the nature and scope of Mr. Musk and DOGE's actions, and their impacts on Plaintiffs.

Particularly, Plaintiffs are concerned that one or more disputes of material fact might be the basis for denial of a motion for summary judgment at this stage and leave Plaintiffs in a situation where they lack the protection of a preliminary injunction—despite having met the preliminary injunction standard—while the case proceeds further on the merits. While usual practice in this District is to construe such advancement of the case as conversion to a motion for summary judgment, Plaintiffs are further concerned that were the Court to go forward with a full trial on the merits at this stage (a prospect Plaintiffs view as unlikely), such a trial—on an expedited timeline and with limited discovery—would prejudice Plaintiffs' ability to develop the full evidentiary record necessary for meaningful adjudication of their claims.

Consolidation of a preliminary injunction hearing with "trial on the merits" pursuant to Fed. R. Civ. P. 65(a)(2) "convert[s] Plaintiffs' motion to one for summary judgment." *Afghan & Iraqi Allies v. Pompeo*, 2019 WL 4575565, at *1 (D.D.C. Sept. 20, 2019). This type of advancement of an action is appropriate where "[t]he record is sufficient for a determination on the merits under the summary judgment standard, or, where reliance on the record is unnecessary, under the motion to dismiss standard." *Republican Nat'l Comm. v. Pelosi*, 602 F. Supp. 3d 1, 17 (D.D.C. 2022) (quoting *March for Life v. Burwell*, 128 F. Supp. 3d 116, 124 (D.D.C. 2015); *Salesian Soc'y v. Mayorkas*, 2021 WL 4306150, at *2 (D.D.C. Sept. 22, 2021) (same). *See also L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 15 (D.D.C. 2020) ("At the hearing, the Court raised the question whether [Plaintiffs' motion for a preliminary injunction] should be treated as an expedited motion for summary judgment, and neither Plaintiffs nor Defendants opposed proceeding in that fashion.").

But this action is one that is likely to benefit from a full evidentiary record, including materials that Plaintiffs have not requested in the limited expedited discovery they seek in

furtherance of their forthcoming motion for preliminary injunction. For instance, Plaintiffs intend to seek further discovery as to the nature and scope of Mr. Musk and DOGE's actions at the specific agencies relevant to Plaintiffs' harms, including discovery as to Mr. Musk and DOGE's involvement in the termination of federal grants and contracts; Mr. Musk and DOGE's involvement in reduction in size of the federal workforce; and Mr. Musk's role in the United States government. Plaintiffs anticipate that there will likely be significant factual disputes with Defendants regarding these matters, potentially going to the heart of Plaintiffs' claims.

For example, Mr. Musk's role in directing the actions of DOGE is plainly relevant to Plaintiffs' Appointments Clause claim, with respect to the scope of authority that Mr. Musk exercises in the federal government. *See* Compl. ¶¶ 56-59, 132-142. There is abundant evidence in the form of statements of Mr. Musk, President Trump, and other federal officials that Mr. Musk is in fact acting as the head of DOGE and directing DOGE's actions. *E.g.*, Compl. ¶¶ 135-140. But a recent declaration in federal district court in another case, from the Director of the Office of Administration in the Executive Office of the President, claims that Mr. Musk "is not an employee of the U.S. DOGE Service or U.S. DOGE Service Temporary Organization" and that he "is not the U.S. DOGE Service Administrator." *See id.* ¶ 134. A recent declaration in a different case, from Defendant Amy Gleason, asserts that there is no reporting relationship between Mr. Musk and Ms. Gleason, that Ms. Gleason is "the Acting Administrator of USDS," that "the USDS Administrator heads both USDS and the U.S. DOGE Service Temporary Organization," and that "DOGE Team members . . . report to the agency heads or their designees." Decl. of Amy Gleason, *Citizens for Responsibility and Ethics in Washington v. U.S. DOGE Service*, No. 1:25-cv-00511-CRC, Doc. 20-2 (filed Mar. 14, 2025). These assertions are directly at odds with Mr. Musk's, President

Trump's, and other administration officials' description of the relationship between Mr. Musk and DOGE. *Compare, e.g.*, Compl. ¶¶ 135-140, 162, 165, 168, 171-173, 179-180, 183, 186.

While Plaintiffs believe they have the better of any factual dispute over Mr. Musk's role with respect to DOGE, there is a contradiction between statements in declarations in federal court by administration officials in multiple cases, on the one hand, and numerous public statements *not* in court filings by administration officials. If, especially after written discovery, there are such inconsistencies in this litigation (or similar inconsistencies arise), they may require evidentiary testing to resolve—including, potentially, depositions of Defendant Gleason and other administration officials, which Plaintiffs have not requested at this early stage of the proceedings. *See* Doc. 11-1 (Plaintiffs' requested expedited discovery).

Additional questions that may need additional evidentiary development in light of the potential for Defendants to claim a dispute of material fact include questions related to:

- Mr. Musk and DOGE's role in reducing the size of the federal workforce, including the nature and extent of Mr. Musk and DOGE's involvement in the Fork in the Road program, Compl. ¶¶ 182-185, and factual details surrounding the email at Mr. Musk's direction to all federal employees requiring reporting of weekly actions for continued employment, Compl. ¶¶ 186-189;

- Mr. Musk and DOGE's role in cancelling federal grants and contracts, including the specifics of those processes and Mr. Musk and DOGE's interaction with agencies, Compl. ¶¶ 154-162;

- Mr. Musk and DOGE's role in stopping and clawing back federal disbursements, including the specifics of those processes and Mr. Musk and DOGE's interaction with agencies, Compl. ¶¶ 163-174;

- Mr. Musk and DOGE's role in dismantling federal agencies, including the specifics of those processes and Mr. Musk and DOGE's interaction with agencies, Compl. ¶¶ 190-199;

- The impacts of Mr. Musk and DOGE's actions on the services provided by numerous agencies upon which Plaintiffs rely, including the services of the Department of Education, Compl. ¶¶ 200-216; the National Park Service, the U.S. Forest Service, and the Bureau of Land Management, Compl. ¶¶ 217-232; the National Oceanic and Atmospheric Administration, Compl. ¶¶ 233-238; the National Institutes of Health, Compl. ¶¶ 239-247; the Environmental Protection Agency, Compl. ¶¶ 249-253; the National Science Foundation, Compl. ¶¶ 254-257; the Substance Abuse and Mental Health Services Administration, Compl. ¶ 258; the U.S. Department of Agriculture, Compl. ¶¶ 259-260; the Federal Emergency Management Agency, Compl. ¶¶ 261-262; and the Department of Housing and Urban Development, Compl. ¶ 263. This includes details about the impacts of Mr. Musk and DOGE's firing of employees (including probationary employees) at these agencies, as well as the impacts of Mr. Musk and DOGE's cancellation of federal grants and contracts at these agencies.

Defendants Musk and DOGE's motion to dismiss in *New Mexico* suggests that at least some of these questions may be the subject of factual dispute. In that briefing, Mr. Musk and DOGE argue that "*even if* Mr. Musk advised, recommended, or indeed 'directed' certain actions across multiple agencies," such actions were lawful. *New Mexico*, Doc. 58 at 23 (emphasis in original). This wording suggests that Mr. Musk and DOGE will contest these factual assertions as to Mr. Musk's actions.

These kinds of questions, which go to such issues as "whether the defendants even took the actions . . . that plaintiffs challenge," therefore may require evidentiary development—

including "some evidence of defendants' decisionmaking process." *See Am. Fed'n of Labor & Congress of Indus. Orgs. v. Dep't of Labor*, 2025 WL 556325, at *1 (D.D.C. Feb. 19, 2025). And full evidentiary development, as is necessary to support a motion for summary judgment (or even final adjudication on the merits following a trial), requires more discovery than Plaintiffs have requested thus far.

Plaintiffs are particularly concerned that treating Plaintiffs' motion for preliminary injunction as one for summary judgment may lead to denial, on the basis of a dispute of material fact, leaving Plaintiffs without the needed protection of a preliminary injunction as the litigation proceeds—while Plaintiffs are suffering irreparable harm and at risk of further irreparable harm. *See* Compl. ¶¶ 272-321. Plaintiffs are concerned that the Court may not ultimately view this case as one in which "[t]he record is sufficient for a determination on the merits under the summary judgment standard," *Republican Nat'l Comm.*, 602 F. Supp. 3d at 17, and that consolidation causing the advancement of Plaintiffs' case risks prejudice to Plaintiffs in the form of ongoing irreparable harm while not providing for economy, given that a summary judgment hearing would occur before the completion of necessary discovery. *See Campuzano*, 2024 WL 5331861 at *2. These concerns would only be amplified if the case reached final adjudication on the merits on the limited evidentiary record that Plaintiffs have requested for the purposes of expedited discovery, and in this rapid posture, given the expected fact-intensive nature of the case.

For these reasons, Plaintiffs do not oppose consolidation of this matter with *New Mexico* so long as consolidation does not lead to the advancement of Plaintiffs' trial on the merits, including to summary judgment. Plaintiffs have no objection to consolidation with *New Mexico* for purposes of a preliminary injunction hearing, where Plaintiffs remain in a preliminary injunction posture. Plaintiffs likewise have no objection to further consolidation crafted so that it

does not prejudice Plaintiffs' development of a full evidentiary record as to both Mr. Musk and DOGE's actions and the impact of those actions on Plaintiffs.

### III.    Plaintiffs' Proposed Briefing Schedule

Plaintiffs propose the following schedule:

- Provision of any ordered expedited discovery to Plaintiffs at the same time as available in *New Mexico v. Musk*, if applicable, and otherwise no later than April 11

- Plaintiffs' motion for preliminary injunction due April 25

- Defendants' response and motion to dismiss, if any, due May 5

- Plaintiffs' response and reply due May 12

- Defendants' reply due May 15

- Any hearing on Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss to follow

In light of Local Civil Rule 16.2(b), Plaintiffs respectfully notify the Court that Campaign Legal Center is counsel for a trial in this district scheduled for May 12 to May 16, in *Campaign Legal Center v. Iowa Values*, No. 1:21-cv-00389. Counsel for that litigation includes two attorneys who are counsel of record for Plaintiffs in this matter, one of whom will argue Plaintiffs' motion for preliminary injunction here if this Court requests argument.

Plaintiffs believe argument would aid this Court in its adjudication of the motion for preliminary injunction. At this time, prior to decision on Plaintiffs' motion for expedited discovery, Plaintiffs take no position as to whether an evidentiary hearing would aid the Court.

**Defendants' Position**

I.      **Consolidation of the *JACL and New Mexico Cases for All Purposes is Warranted***

Consistent with Federal Rule of Civil Procedure 1, Defendants believe that consolidation of the *New Mexico* and *JACL* cases for all purposes would best "secure the just, speedy, and inexpensive determination" of these cases.[1]  Consolidation is warranted "[i]f actions before the court involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  "Actions that involve the same parties are apt candidates for consolidation," and "consolidation is particularly appropriate when the actions are likely to involve substantially . . . the same series of events or facts."  *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citations omitted).  However, "[i]dentity of the parties is not a prerequisite" to consolidation and "cases may be consolidated even where certain defendants are named in only one of the Complaints or where . . . plaintiffs are different but asserting identical questions of law against the same defendant."  *Nat'l Ass'n of Morg. Brokers v. Bd. of Governors of Fed. Res. Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011).  Ultimately, in considering whether to consolidate cases, courts "must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated."  *Id.*

Consolidation of the *New Mexico* and *JACL* cases is warranted here.  First, as the Plaintiffs in *JACL* acknowledge, there is a substantial overlap of factual and legal issues between the two cases:

- "Both cases challenge Defendants Elon Musk and the U.S. DOGE Service's (DOGE) attempts to exercise sweeping control over broad swaths of the federal government";

---

[1] Defendants' response to the Court's order is the same in both the *New Mexico* and *JACL* cases.

- "The cases both involve issues of the nature and extent of Mr. Musk and DOGE's control over federal spending, contracts, staffing, and structure";

- "The two cases also involve overlapping legal and factual claims, including whether Mr. Musk and DOGE's efforts, and the authority they purport to wield, are ultra vires, violating the Appointments Clause, and violating separation of powers"; and

- "[B]oth involve overlapping requests for relief, including declarations that the defendants' conduct lacks legal authority, and corresponding injunctive relief enjoining defendants from taking further action to contract federal spending and take personnel actions as to federal employees."

*JACL*, ECF No. 2 at 2.

In addition, both cases have named Elon Musk in his official capacity and the U.S. DOGE Service ("USDS") as Defendants. *Compare New Mexico*, ECF No. 2 at 2 *with JACL*, ECF No. 1 at 1-2. *Nat'l Ass'n of Morg. Brokers*, 770 F. Supp. 2d at 286. Although the Plaintiffs in *JACL* have also named 16 federal agencies and the Acting USDS Administrator, in her official capacity, and the Plaintiffs in *New Mexico* have also named the U.S. DOGE Service Temporary Organization and President Trump in his official capacity, the core of both Plaintiffs' complaints is on the actions taken by Mr. Musk and the USDS.

In addition, both cases are in similar procedural postures, with *New Mexico* filing its lawsuit on February 13, 2025 and *JACL* filing its lawsuit less than three weeks later on March 5, 2025. Although both sets of Plaintiffs intend to file motions for a preliminary injunction, neither has done so yet. And while Defendants' motion to dismiss in *New Mexico* will be fully briefed on March 19, 2025, the Court could set an expedited motion to dismiss briefing schedule in *JACL* to keep the cases on roughly the same schedule. In addition, both cases seek overlapping discovery, with *JACL* explicitly requesting all discovery produced in *New Mexico* (among additional categories of discovery). *See JACL*, ECF No. 11-1 at 8 (Plaintiffs' Request for Production No. 1).

Given the substantial legal and factual overlap between the *New Mexico* and *JACL* cases, as well as the overlap between the defendants there is little risk of prejudice or confusion if these cases were consolidated. On the other side of the ledger, the failure to consolidate would simply result in unnecessary duplication in terms of motions practice and potential discovery, resulting in increased expense and delay.

The *JACL* Plaintiffs take the position that they support consolidation of the *JACL* and *New Mexico* cases for purposes of the preliminary injunction hearing but oppose consolidation that leads to the advancement of their case on the merits. But this position makes little sense, as the Court has already concluded that "to avoid prejudice to Defendants and expeditiously resolve [the *New Mexico*] case, the court will exercise its discretion to consolidate the motion for a preliminary injunction with the merits under Federal Rule of Civil Procedure 65(a)(2)." ECF No. 60 at 4. The *JACL* Plaintiffs fail to explain why their lawsuit should not be treated similarly to *New Mexico* or how it would be efficient to consolidate the cases for purposes of a preliminary injunction hearing but not have their preliminary injunction motion consolidated with the merits.

The *JACL* Plaintiffs devote much of their portion of the Joint Status Report arguing as to why discovery is necessary to resolve their claims. But as Defendants have explained in *New Mexico*, discovery is unnecessary to resolve these claims, ECF No. 58, and in any event, as apparent from the face of *JACL*'s proposed discovery, much if not all of it would run afoul of the Supreme Court's decision in *Cheney v. U.S. District Court for Dist. of Columbia*, 542 U.S. 367, 371, 385 (2004). And to the extent the Plaintiffs seek discovery against the agency defendants based on their Administrative Procedure Act claim, no discovery is permitted, and review is limited to the administrative record prepared by the agencies. *See* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."); *Hill Dermaceuticals, Inc. v.*

*FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) ("[I]t is black-letter administrative law that in an APA case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision." (internal quotation marks omitted)); *Texas Rural Legal Aid, Inc. v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991) ("Ordinarily judicial review of informal agency rule-making is confined to the administrative record; neither party is entitled to supplement that record with litigation affidavits or other evidentiary material that was not before the agency."). Discovery or supplementation of the administrative record is therefore not permitted "unless [a party] can demonstrate unusual circumstances justifying a departure from this general rule." *City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (internal quotation marks omitted).

## II.    The Effect of Consolidation on Existing Deadlines and Further Proceedings

As discussed above, consolidation should have minimal effect on further proceedings in both cases, as they are in substantially similar early postures. To further align these two cases, the Court could order an expedited motion to dismiss briefing schedule in *JACL*. In addition, although the Court has already authorized discovery in advance of the Plaintiffs' motion for preliminary injunction in *New Mexico*, and the Court has not yet ruled on the similar motion in *JACL*, Defendants anticipate filing a motion for mandamus of the Court's March 12, 2025 discovery order in *New Mexico* with the United States Court of Appeals for the District of Columbia Circuit by March 19, 2025. Accordingly, it may make sense to hold *JACL*'s motion for discovery in abeyance until final appellate resolution of the *New Mexico* mandamus petition. Similarly, it may make sense to hold the *New Mexico* preliminary injunction briefing schedule in abeyance until final appellate resolution of the *New Mexico* mandamus petition and then set a consolidated preliminary injunction briefing schedule for both cases.

12

The States' portion of the Joint Status Report largely consists of an improper motion for reconsideration of the Court's order consolidating "the motion for a preliminary injunction with the merits under Federal Rule of Civil Procedure 65(a)(2)." ECF No. 60 at 7. Defendants received the States' portion of the Joint Status Report at approximately 4:08 pm today, and have not had the opportunity to respond to the State's arguments concerning reconsideration. To the extent the Court is willing to entertain the States' request, Defendants respectfully request an opportunity to respond in full to the States' reconsideration arguments.

Defendants' proposed order is attached as Exhibit B.

Dated: March 18, 2025

Respectfully submitted,

*/s/ Bruce V. Spiva*

Gloria D. Smith**
Sanjay Narayan(D.D.C. Bar No. CA00028)
SIERRA CLUB ENVIRONMENTAL
LAW PROGRAM
2101 Webster Street, Suite 1300
Oakland, CA 94612
(415) 977-5532
gloria.smith@sierraclub.org
Sanjay.narayan@sierraclub.org

*Counsel for Plaintiff Sierra Club*

Bruce V. Spiva (DC Bar No. 443754)
Kathryn Huddleston**
Daniel S. Lenz***
Robert Brent Ferguson (DC Bar No. 1782289)*
Katherine Hamilton (DC Bar No. 90006168)*
Heather Szilagyi (DC Bar No. 90006787)
Rachel Appel (DC Bar No. 90017750)
CAMPAIGN LEGAL CENTER
1101 14th St. NW, Suite 400
Washington, D.C. 20005
(202) 736-2200
bspiva@campaignlegalcenter.org
khuddleston@campaignlegalcenter.org
dlenz@campaignlegalcenter.org
bferguson@campaignlegalcenter.org
khamilton@campaignlegalcenter.org
hszilagyi@campaignlegalcenter.org
rappel@campaignlegalcenter.org

*Counsel for Plaintiffs Japanese American
Citizens League, OCA-Asian Pacific American
Advocates, Sierra Club, and Union of Concerned
Scientists*

*D.D.C. application pending
**Application for pro hac vice forthcoming
*** Admitted pro hac vice


YAAKOV M. ROTH
Acting Assistant Attorney General, Civil
Division

DIANE KELLEHER
Director, Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director, Federal Programs
Branch

*/s/ Joshua E. Gardner*
JOSHUA E. GARDNER (FL Bar No. 302820)
Special Counsel


CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
JACOB S. SILER (DC Bar No. 1003383)
JAMES J. WEN (NY Bar No. 5422126)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
(202) 353-4537
christopher.m.lynch@usdoj.gov

*Attorneys for Defendants*